UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JAMES E. MORROW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 18-2412-JDT-cgc |
| ) | |
| JOSIE HOLLAND, ET AL., ) | |
| ) | |
| Defendants. ) | |

ORDER TO MODIFY THE DOCKET, DISMISSING COMPLAINT,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On June 14, 2018, Plaintiff James E. Morrow, who is incarcerated at the Northwest Correctional Complex in Tiptonville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) After Morrow filed the required financial documentation under the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b), (ECF No. 6), the Court issued an order granting leave to proceed *in forma pauperis* and assessing the civil filing fee. (ECF No. 7.) The Clerk shall record the Defendants as Josie Holland and Paul Guibao, attorneys; Chris B. Craft, Otis Higgs, John P. Colton, and Carolyn Blackett, Criminal Court Judges for the Thirtieth Judicial District in Shelby County;[1] Richard

---

[1] Morrow acknowledges that Judge Higgs is deceased. (ECF No. 1 at PageID 3.) He died on February 15, 2013. *See* https://www.tncourts.gov/news/2013/02/18/judiciary-mourns-loss-criminal-court-judge-w-otis-higgs.

DeSaussure[2] and William Key, former Shelby County Criminal Court Clerks; and John Billings at JB Investigations.

Morrow alleges that in April 1998, he was found guilty after a bench trial of two counts of first-degree murder and sentenced to two concurrent life sentences in the Tennessee Department of Correction (TDOC). (ECF No. 1 at PageID 4.) Morrow moved for a new trial, which was denied and affirmed on appeal. (*Id.*) In April 2001, Morrow filed a petition for post-conviction relief. (*Id.*) He alleges the petition has since languished in the Shelby County Criminal Court before four different judges (all of whom he names as Defendants in his complaint) without a scheduling order, preliminary order, or hearing ever being set or taking place. (*Id.*) He describes the treatment of his petition as a "Judicial Roundabout, and Inordinate Delay" that have denied him "an adequate opportunity to raise his State and Federal claims in the State court." (*Id.* at PageID 7.)

Morrow alleges that Judges Colton, Higgs, Blackett, and Craft illegally authorized investigative funds, failed to follow the Tennessee Post Conviction Act (TPCA),[3] and prejudiced his post-conviction petition. (*Id.* at PageID 11-18.) He asserts their actions have violated his rights under the Sixth and Fourteenth Amendments of the U.S. Constitution, the Tennessee Constitution, and the TPCA. (*Id.* at PageID 14, 15, 17, 18.) Morrow further alleges that attorney Holland and Criminal Court Clerks Key and DeSaussure "are complicit" in the alleged violations of his due process rights. (*Id.* at PageID 8.) Specifically, Morrow contends that Holland confiscated his legal

---

[2] Morrow spells this Defendant's name "Desaurraure" in the caption of the complaint but using the spelling DeSaussure elsewhere in the complaint. (ECF No. 1 at PageID 6, 29.) The Court has reviewed relevant Tennessee sources and determined that DeSaussure is the correct spelling. The Clerk is DIRECTED to modify the docket to reflect the correct spelling for this Defendant.

[3] *See* Tenn. Sup. Ct. Rule 28; Tenn. Code Ann. §§ 40-30-101 to 40-30-122.

documents, including a check meant to pay for the travel of an out-of-state witness, and refused to contact the witness to have her appear in state court. (*Id.* at PageID 9-10.)

Morrow provides additional details about the alleged handling of his post-conviction matter by Judge Craft, who currently has jurisdiction over the matter. (*Id.* at PageID 19-24.) He alleges that Judge Craft has never issued a required preliminary order, violated his rights to file a timely appeal and to be heard as a *pro se* Defendant, misstated the law regarding effective assistance of post-conviction counsel, issued a false order, and ordered the Criminal Court Clerks to violate Tennessee law. (*Id.*)

Morrow seeks this Court's intervention in his state post-conviction matter. (*Id.* at PageID 7.) Specifically, he seeks an order from the Court requiring the Defendants to take or cease certain actions, including to "[c]ease and desist obstructing the plaintiff's right to access the office of the criminal court clerk," allow Morrow access to the files from his criminal case, order the state court to issue a written preliminary order, order attorney Holland to return Morrow's legal documents and refer Holland for disciplinary action, provide Morrow with expert services, pay all of Morrow's legal expenses, and order "the trial court and the State to enter into negotiations with the plaintiff for the purpose of reaching an amicable resolution to this case." (*Id.* at PageID 28.) He also wants a "Federal monitor in the courtroom to oversee the proceedings in this case." (*Id.*)[4]

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

---

[4] Morrow moved to amend his complaint to include as an additional request for relief that attorney Holland be removed as standby counsel in his post-conviction matter. (ECF No. 10.) Because his complaint was still undergoing screening when he filed the motion, the motion to amend is GRANTED.

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Morrow's complaint is filed pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Morrow seeks this Court's intervention in his ongoing state post-conviction proceedings. Federal courts, however, generally should abstain from deciding a matter that affects pending state-court criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 43-45 (1971). This rule applies equally to state post-conviction proceedings. *See Baze v. Parker*, 632 F.3d 338, 341 (6th Cir. 2011) (citing *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 422 (2003); *Younger*, 401 U.S. at 43-44; and *Coleman v. Thompson*, 501 U.S. 722, 726 (1991)). Abstention under *Younger* is appropriate when "there are state proceedings that are (1) currently pending; (2) involve an important state interest; and (3) will provide the federal plaintiff with an adequate opportunity to raise his or her constitutional claims." *Habich v. City of Dearborn*, 331 F.3d 524, 530 (6th Cir. 2003) (citing *Hayse v. Wethington*, 110 F.3d 18, 20 (6th Cir. 1997)).

The three factors that support *Younger* abstention are present in this case. First, Morrow alleges that his state post-conviction matter is pending in state court. *See Fed. Express Corp. v. Tenn. Pub. Serv. Comm'n*, 925 F.2d 962 (6th Cir. 1991) ("[I]f a state proceeding is pending at the time the action is filed in federal court, the first criteria for *Younger* abstention is satisfied."). Second, a state post-conviction proceeding involves the important state interests of the correctness and finality of its own criminal judgments. *See Berryman v. Garrett*, No. CIV.A. 02-75095-DT,

2003 WL 345364, at *3 (E.D. Mich. Jan. 28, 2003) (citing *Hansel v. Town Court for Town of Springfield, N.Y.*, 56 F.3d 391, 393 (2d Cir. 1995)) ("[I]t is axiomatic that a state's interest in the administration of criminal justice within its borders is an important one."). Last, a state post-conviction proceeding in Tennessee allows Morrow an opportunity to raise his constitutional claims. *See* Tenn. Code Ann. § 40-30-103 ("Relief under this part shall be granted when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by . . . the Constitution of the United States.").

Regarding the third factor, Morrow asserts that the Defendants are violating his right to due process by delaying his post-conviction proceedings and denying his ability to raise his constitutional claims. However, he does not contend that *the proceedings themselves* would be an inadequate avenue to raise his constitutional claims. *See Am. Family Prepaid Legal Corp. v. Columbus Bar Ass'n*, 498 F.3d 328, 334 (6th Cir. 2007) (quoting *Squire v. Coughlan*, 469 F.3d 551, 556 (6th Cir. 2006)) ("Abstention is appropriate 'unless state law *clearly bars* the interposition of the constitutional claims.'") (emphasis in original); *cf. Thigpen v. Kane*, No. 3:17-CV-00919, 2017 WL 3868282, at *3 (M.D. Tenn. Sept. 5, 2017) ("[W]hile the complaint expresses the plaintiff's dissatisfaction with the state court and his suspicions that state actors are violating his due process rights, the complaint does not allege that the state court has refused or would refuse to consider the plaintiff's constitutional claims; thus, presumably the state court proceedings provide an adequate forum in which the plaintiff can raise any constitutional challenges."). Without evidence to the contrary, the Court "must presume that the state courts are able to protect the interests of the federal plaintiff." *Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995) (citing *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987)).

Although all three *Younger* requirements are met, "extraordinary circumstances," including "bad faith, harassment, or flagrant unconstitutionality," may render abstention inappropriate. *Am. Family*, 498 F.3d at 335; *see Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982). "These exceptions to *Younger* have been narrowly construed." *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986). "[I]t is the plaintiff[']s 'heavy burden' to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment." *Amanatullah v. Colorado Bd. of Med. Examiners*, 187 F.3d 1160, 1165 (10th Cir. 1999) (quoting *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997)).

Morrow contends that "extraordinary circumstances" are present in his case, justifying this Court's intervention. (ECF No. 1 at PageID 7.) He points to the alleged "fraudulent misappropriation of investigative funds" in his post-conviction matter, which he asserts violates Tennessee Supreme Court Rule 13, § 5(a); the state judges' denial of Morrow's attempt to subpoena out-of-state witnesses; the Defendants' alleged "harassment, bad faith, and flagrant disregard for State and Federal law"; and the 17-year delay in his matter "without a hearing or ruling." (*Id.*) Morrow asserts that abstention under *Younger* should not apply because he "has been denied an adequate opportunity to raise his State and Federal claims in the State court." (*Id.*)

Morrow's allegation regarding investigative funds in his state post-conviction matter raises an interesting point. Current Tennessee Supreme Court Rule 13, § 5(a)(2) provides: "In non-capital post-conviction proceedings, funding for investigative, expert, or other similar services shall not be authorized or approved. See *Davis v. State*, 912 S.W.2d 689 (Tenn. 1995)." Morrow has attached to his complaint two ex parte orders signed by Judge Colton authorizing defense counsel to obtain investigative services from J.B. Investigations. The initial order was signed by Judge Colton on October 18, 2002, and authorized the expenditure of $3,000. (ECF No. 1-1 at

7

PageID 32-33.) The second order was signed by Judge Colton on March 12, 2003, and authorized an additional $1,000. (*Id.* at PageID 31.) Both orders purportedly were filed in Morrow's state post-conviction matter, No. P-24972, which is neither a capital proceeding nor a direct appeal.[5]

The history set out following Supreme Court Rule 13 indicates the various sections have been amended numerous times. The Explanatory Comment to Rule 13, § 5 states in part: "Section 5(a)(1) contains the language that previously appeared as Section 5(a). Section 5(a)(2) unequivocally provides that funding for investigative, expert, or other similar services is not available in non-capital post-conviction proceedings." Given that explanation, it is possible that Judge Colton's orders authorizing investigative funds were entered before Rule 13, § 5 was amended to expressly prohibit funds for investigative services in non-capital post-conviction proceedings.

Even if Morrow is correct that the version of Tennessee Supreme Court Rule 13, § 5(a) in effect at the time was not followed, and the Court expresses no opinion on whether he is, he still does meet an exception to abstention under *Younger*. Federal intervention is appropriate only if there is a "threat to the plaintiff's federally protected rights." *Younger*, 401 U.S. at 46. Morrow initiated the post-conviction action—he is not being prosecuted—and he does not allege that the granting of funds for an investigator, even improperly, has prohibited him from raising constitutional challenges in his post-conviction action. Separately, Morrow does not present any evidence showing that a state court judge inappropriately refused his attempt to subpoena a witness.

---

[5] Morrow's convictions and concurrent life sentences were affirmed on appeal on December 29, 1999. *See State v. Morrow*, No. W19980583CCAR3CD, 1999 WL 1529719 (Tenn. Crim. App. Dec. 29, 1999), *perm. app. denied*, (Tenn. June 26, 2000).

Morrow's remaining arguments involve his conclusory allegation that the state court judges have intentionally delayed his case in bad faith.  He attaches to his complaint several judiciary complaints he sent to the Tennessee Court of the Judiciary, the Tennessee Bureau of Investigation, the Governor of Tennessee, and the judges themselves.  (ECF Nos. 1-3, 1-4, 1-6, 1-7, 1-8, 1-9, 1-10, 1-12, 1-13, 1-14, & 1-16.)  While the Court acknowledges the unusually long delay in Morrow's state post-conviction proceedings, that delay alone does not evince "bad faith" on the part of any state official.  *See Ken-N.K., Inc. v. Vernon Twp.*, 18 F. App'x 319, 325 n.2 (6th Cir. 2001) ("[T]he Supreme Court has applied the 'bad faith' exception to only one specific set of facts: where state officials initiate repeated prosecutions to harass an individual or deter his conduct, and where the officials have no intention of following through on these prosecutions.").  Morrow therefore does not allege any extraordinary circumstance warranting this Court's intervention in his ongoing state post-conviction proceedings.

"A district court deciding to abstain under *Younger* has the option of either dismissing the case without prejudice or holding the case in abeyance."  *Coles v. Granville*, 448 F.3d 853, 866 (6th Cir. 2006).  Where a Plaintiff seeks only equitable relief, as opposed to legal relief in the form of damages, "the district court may exercise its discretion and decide whether to dismiss the case." *Nimer v. Litchfield Twp. Bd. of Trustees*, 707 F.3d 699, 702 (6th Cir. 2013).  In this case, because Morrow seeks only equitable or injunctive relief, the Court determines that it is appropriate to dismiss Morrow's complaint for failure to state a claim.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA.  *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to

cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court finds that leave to amend is not warranted.

In conclusion, the Court DISMISSES Morrow's complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to amend is DENIED.[6]

Pursuant to 28 U.S.C. §1915(a)(3), the Court must also consider whether an appeal by Morrow in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. Therefore, it is CERTIFIED, pursuant to 28 U.S.C. §1915(a)(3), that any appeal in this matter by Morrow would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Morrow nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain*, 716 F.3d at 951. *McGore* sets out specific procedures for implementing the PLRA, §§ 1915(a)-(b). Therefore, Morrow is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee,

---

[6] Morrow also moved "For Service of Complaint and Issuance of Subpoenas." (ECF No. 9.) Because the Court is dismissing his complaint, the motion is DENIED as moot.

he must comply with the procedures set out in the PLRA and *McGore* by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Morrow, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This "strike" shall take effect when judgment is entered. *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

  s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE